■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

ROGELIO DAVILA, Appellant. [603 NYS2d 185] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Beerman, J.), rendered March 12, 1992, convicting him of sexual abuse in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and the indictment is dismissed, with leave to the People, should they be so advised, to resubmit any appropriate charges arising out of the conduct underlying count four of Indictment No. 3194/91 to another Grand Jury; and it is further,

Ordered that upon service upon him of a copy of this decision and order, with notice of entry, the official having custody of the defendant's person is directed to produce him, forthwith, before the Supreme Court, Queens County, at which time that court shall issue a securing order pursuant to CPL 470.45, either releasing the defendant on his own recognizance or fixing bail or committing him to the custody of the New York City Department of Correctional Services pending resubmission of the case to the Grand Jury and the Grand Jury's disposition thereof (cf., CPL 210.45 [9]). Such securing order shall remain in effect until the first to occur of any of the following: (a) a statement to the court by the People that they do not intend to resubmit the case to a Grand Jury, (b) arraignment of the defendant upon an indictment filed as a result of resubmission of the case to a Grand Jury, (c) the filing with the court of a Grand Jury dismissal of the case following resubmission thereof, or (d) the expiration of a period of 45 days from the date of this decision and order, provided that such period may, for good cause shown, be extended by the Supreme Court, Queens County, to a designated subsequent date if such be necessary to accord the People a reasonable opportunity to resubmit the case to a Grand Jury.

By Indictment No. 3194/91, the defendant was charged, inter alia, with two counts of sexual abuse in the first degree. Count four of the indictment stated that the defendant "subjected [the complainant] to sexual contact by touching and placing [his] hand * * * on the breast of [the complainant] by means of forcible compulsion". At the trial, the complainant testified that on the subject day, the defendant touched her breasts on two separate occasions.

On appeal, the defendant claims that the indictment is defective because it is duplicitous and because it undermines

the requirement of a unanimous jury verdict. CPL 200.30 (1) provides: "Each count of an indictment may charge one offense only". A basic reason underlying the proscription of duplicitous counts is that it tends to ensure the reliability of a unanimous verdict. "If two or more offenses are alleged in one count, individual jurors might vote to convict a defendant of that count on the basis of different offenses; the defendant would thus stand convicted under that count even though the jury may never have reached a unanimous verdict as to any one of the offenses" *(People v Keindl,* 68 NY2d 410, 418; *see, People v Romero,* 147 AD2d 358, 362; Prieser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 200.30, at 438).

Here, count four of the indictment, on its face, complied with CPL 200.30. However, since the complainant's trial testimony indicated that the sexual abuse occurred on two occasions at different locations on the same day, that count, in reality, included more than one offense and, therefore is duplicitous *(see, People v Beauchamp,* 74 NY2d 639; *People v Romero, supra).*

Additionally, the defendant argues that the evidence adduced at the trial was legally insufficient to prove that the defendant touched the victim's vagina as charged in the fifth count of the indictment. We agree. There was no testimony that the defendant touched the victim's vagina with his hand during the sexual attack. Thus, the fifth count of the indictment is dismissed *(see, People v Brown,* 115 AD2d 550; *People v Jones,* 165 AD2d 103). Bracken, J. P., Sullivan, Eiber and Pizzuto, JJ., concur.