■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER JELINEK, Appellant. [638 NYS2d 731] —Appeal by the defendant from a judgment of the County Court, Nassau County (Mackston, J.), rendered May 14, 1993, convicting him of sodomy in the first degree (three counts), sexual abuse in the first degree (26 counts), sexual abuse in the second degree, sexual abuse in the third degree (2 counts), and endangering the welfare of a child (6 counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by (1) reversing the conviction on the fourth count of the indictment charging sexual abuse in the first degree, vacating the sentence imposed thereon, and dismissing that count of the indictment, and (2) dismissing the second, fifth, sixth, twelfth, fourteenth through sixteenth, and eighteenth through twenty-ninth counts of the indictment, with leave to the People, should they be so advised, to resubmit any appropriate charges arising out of the conduct underlying these counts to another Grand Jury; as so modified, the judgment is affirmed.

The defendant contends that the indictment is defective, because, among other reasons, it contains duplicitous counts. "Each count of an indictment may charge one offense only" (CPL 200.30 [1]). "A basic reason underlying the proscription of duplicitous counts is that it tends to ensure the reliability of a unanimous verdict" *(People v Davila,* 198 AD2d 371, 373; *see also, People v Davis,* 72 NY2d 32, 38; *People v Keindl,* 68 NY2d 410, 418). A count is duplicitous when it alleges the commission of a particular offense occurring repeatedly during a designated period of time *(see,* CPL 200.30 [1]; 200.50 [3]).

Here, the indictment charged the defendant with, among other things, multiple counts of sexual abuse. The crime of sexual abuse is a single act crime and each act must be charged separately (see, People v Keindl, supra, at 420-421; People v Beauchamp, 74 NY2d 639, 640-641). Each count in the indictment, on its face, complied with CPL 200.30. However, the complainants' trial testimony rendered the second, fifth, sixth, twelfth, fourteenth through sixteenth and eighteenth through twenty-ninth counts of the indictment duplicitous because the testimony indicated that the sexual abuse occurred on more than one occasion during the designated period of time stated in those counts (see, People v Davila, supra; People v Romero, 147 AD2d 358).

The defendant failed to preserve for appellate review his challenge to the legal sufficiency of the evidence (see, CPL 470.05 [2]; People v Pinder, 199 AD2d 544). In any event, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt with respect to the third, seventh, and eleventh counts of the indictment. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt with respect to these counts was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant also argues that the evidence adduced at the trial was legally insufficient to prove that he rubbed his penis against the leg of a complainant as charged in the fourth count of the indictment. As the People correctly concede, there was no testimony elicited at trial to support this count. Thus, the fourth count of the indictment is dismissed (see, People v Davila, 198 AD2d 371, supra).

It was improper for the prosecutor to elicit testimony from Detective Vashti Anderson and a complainant that the defendant engaged in sexual activities with or in the presence of the defendant's son, because the defendant's son was not named as a complainant in the indictment (see, People v MacAfee, 76 AD2d 157, 160). However, such error does not require reversal of the remaining counts.

The defendant's remaining contentions are either without merit or do not require reversal. Bracken, J. P., Balletta, Thompson and Hart, JJ., concur.