■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CYNTHIA NEGRON, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v FRANCISCO RODRIGUEZ, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MADELYN RODRIGUEZ, Respondent. [645 NYS2d 301] —Order, Supreme Court, Bronx County (John Moore, J.), entered April 7, 1995, which, upon reargument, dismissed counts one, two and three as duplicitous, unanimously modified, on the law, to reinstate count two, and otherwise affirmed.

Under counts one and three, defendants were charged with acting in concert to commit first- and second-degree assault on the same victim "by means of a deadly weapon or dangerous instruments, that being a knife and a razor blade", the only distinguishing element being defendants' alleged intent to cause "serious physical injury" in the first count and "physical injury" in the third. Although all defendants were properly charged with acting in concert as to all counts, under the fact pattern presented in the Grand Jury minutes, a jury could reasonably find that one or more defendants took part in one or more assaultive acts but not others, i.e., it could convict all of the defendants on either count even if it found that one of the specified weapons or instruments was not used. Therefore, to avoid duplicitousness, separate counts for separate weapons

and instruments are required (*see, People v Rosado*, 64 AD2d 172). However, this defect does not infect the second count charging first-degree assault, the defining element of which is not the use of the particular weapons or instruments but the act of causing disfiguring injuries. Concur—Rosenberger, J. P., Rubin, Nardelli and Tom, JJ.