■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IVAN JIMINEZ, Appellant. [657 NYS2d 735] —Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered August 27, 1993, convicting him of rape in the first degree (two counts), sodomy in the first degree, and burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by reversing the defendant's conviction for rape in the first degree under the first count of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment, with leave to the People, should they be so advised, to resubmit any appropriate charges arising out of the conduct underlying that count of the indictment to another Grand Jury; as so modified, the judgment is affirmed.

The defendant contends that the indictment is defective because it contains duplicitous counts. "Each count of an indictment may charge one offense only" (CPL 200.30 [1]). A count is duplicitous where it alleges the commission of a particular offense occurring repeatedly during a designated period of time (*see,* CPL 200.30 [1]; 200.50 [3]). "A basic reason underlying the proscription of duplicitous counts is that it tends to ensure the reliability of a unanimous verdict" (*People v Davila*, 198 AD2d 371, 373; *see also, People v Davis*, 72 NY2d 32, 38; *People v Keindl*, 68 NY2d 410, 418).

Here, the indictment charged the defendant with, among other things, two counts of rape. In its charge, the court instructed the jury that the first count referred to a rape which allegedly occurred in the morning while the second count referred to a rape which allegedly occurred in the afternoon. Multiple rapes of the same victim are not a continuing offense. Each act of intercourse is a separate and distinct offense (*see, People v Beauchamp*, 74 NY2d 639, 640; *People v Pries*, 81 AD2d 1039, 1040; *People v Brown*, 66 AD2d 223, 226). Each count of rape in the indictment, on its face, complied with CPL 200.30. However, the complainant's trial testimony rendered the first count of the indictment duplicitous because she testified that the defendant raped her on more than one occasion before 10:00 A.M. on June 10, 1992 (*see, People v Jelinek*, 224 AD2d

717, *cert denied* — US —, 117 S Ct 251; *People v Davila, supra; People v Romero,* 147 AD2d 358).

The defendant's contention that he was deprived of the effective assistance of counsel is without merit. The record indicates that defense counsel delivered a clear and cogent opening statement, conducted meaningful cross examination of the People's witnesses, lodged objections consistent with the defense theory, highlighted inconsistencies in the complainant's testimony, moved for a trial order of dismissal at the close of the People's case and again at the close of all of the evidence, obtained an acquittal on the count charging sexual abuse in the third degree, and urged leniency during sentencing. Thus, taken as a whole, the defendant was provided with meaningful representation (*see, People v Corie,* 222 AD2d 602; *People v Ortiz,* 174 AD2d 763; *People v Campbell,* 162 AD2d 606). The mere fact that the strategy pursued by counsel was not successful does not render trial counsel's assistance ineffective (*see, People v Rivera,* 71 NY2d 705; *People v Benn,* 68 NY2d 941; *People v Satterfield,* 66 NY2d 796).

The court did not err in directing that the sentence imposed upon the defendant's conviction for burglary in the second degree run consecutively to the other sentences (*see, People v McMillan,* 61 AD2d 800). Furthermore, the sentences imposed were not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Mangano, P. J., Joy, McGinity and Luciano, JJ., concur.