■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD FOXX, Appellant. [658 NYS2d 392] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered April 7, 1995, convicting him of attempted robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his conviction of attempted robbery in the first degree was not based on legally sufficient evidence is unpreserved for appellate review (see, CPL 470.05; People v Udzinski, 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find the eyewitness's testimony that the defendant demanded money from the victim and searched the victim's pockets, and that the defendant and his accomplices repeatedly hit the victim's head and body with a stick until the victim fell to the ground, was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Furthermore, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

Contrary to the defendant's argument, although the People did not prove beyond a reasonable doubt the defendant's guilt of the two counts of murder in the second degree and the count of attempted robbery in the first degree based upon the use of a dangerous instrument, the verdict was not repugnant (see, People v Tucker, 55 NY2d 1). A review of the court's charge to the jury of the essential elements involved in each of the counts (see, People v Tucker, supra, at 7; People v Green, 126 AD2d 105, 108, affd 71 NY2d 1006) does not demonstrate that acquittal of the murder counts here was conclusive as to any of the elements of the crime of which the defendant was convicted, attempted robbery in the first degree (compare, Penal Law § 125.25 [1], [3]; § 160.15 [1]). While a conviction of one count of attempted robbery in the first degree pursuant to Penal Law § 160.15 (1) and an acquittal of another count of attempted robbery in the first degree pursuant to Penal Law § 160.15 (3) is seemingly inconsistent, under the facts of this case such a result is not illogical. The facts here include a fatal stab wound, the absence of any evidence of a knife, a time gap between the attempted robbery and the finding of the victim's body, an inconclusive time of death, and the beating of the victim by the defendant and his three accomplices. Under these facts, a jury could reasonably conclude that the People failed to prove that the defendant or his accomplices stabbed the victim, but

that by beating the victim, the victim sustained serious physical injury within the meaning of Penal Law § 160.15 (1) *(see, Penal Law § 10.00 [10])*.

The defendant also contends that the court committed reversible error by failing to charge the jury with the definition of serious physical injury on the charge of attempted robbery in the first degree pursuant to Penal Law § 160.15 (1). However, the defendant did not request such a charge nor did he object to the absence of the charge, thereby failing to preserve this argument for our review *(see, People v Perez,* 204 AD2d 359). In any event, the charge as a whole conveyed the necessary meaning to the jury *(see, People v Perez, supra)*.

The defendant's sentence is not excessive *(see, People v Suitte,* 90 AD2d 80). Copertino, J. P., Thompson, Santucci and Friedmann, JJ., concur.