■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCUS PAYNE, Appellant. [660 NYS2d 147] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Flaherty, J.), rendered May 10, 1996, convicting him of assault in the third degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by (1) reversing the conviction of assault in the third degree under the third count of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment with leave to the People, should they be so advised, to resubmit any appropriate charges arising out of the conduct underlying that count to another Grand Jury, and (2) vacating the sentence imposed on the conviction of endangering the welfare of a child under the fourth count of the indictment; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing on the conviction of endangering the welfare of a child under the fourth count of the indictment.

The defendant's contention that the indictment and charge given to the jury were defective because they contained duplicitous counts is unpreserved for appellate review. However, we reach the issue in the exercise of our interest of justice jurisdiction. "Each count of an indictment may charge one offense only" (CPL 200.30 [1]). "A basic reason underlying the proscription of duplicitous counts is that it tends to ensure the reliability of a unanimous verdict" *(People v Davila,* 198 AD2d 371, 373; *see, People v Jelinek,* 224 AD2d 717).

In the case at bar, the People stated in their bill of particulars that three injuries sustained by the complainant child were encompassed by the charges in the indictment. Specifically, the three injuries were a fractured skull, three fractured metacarpals, and bruised buttocks. Evidence at trial established that the skull fracture occurred four to ten weeks prior to the other injuries. During deliberations, in response to the jury's question, the court instructed that all three injuries were part of the charges without differentiating between any of the three counts submitted to the jury. As such, the assault counts were duplicitous since the jury could have convicted the defendant of assault in the third degree based upon the actions underlying at least two different assaults *(see, People v Negron,* 229 AD2d 340; *cf., People v Keindl,* 68 NY2d 410, 418; *People v Jelinek, supra).*

Furthermore, because the evidence of all three injuries was submitted to the jury for all counts, the defendant could not have received his properly requested circumstantial evidence charge pertaining to the skull injury *(see, People v Daddona,* 81 NY2d 990, 992; *People v Ford,* 66 NY2d 428, 433).

The defendant failed to preserve for appellate review his challenge to the legal sufficiency of the evidence *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt with respect to the fourth count of the original indictment, endangering the welfare of a child. Moreover, the resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict with re-

spect to this count was not against the weight of the evidence *(see,* CPL 470.15 [5]).

In light of the reversal of the conviction of the assault in the third degree count, we remit this matter to the Supreme Court, Queens County, for resentencing on the remaining conviction of endangering the welfare of a child.

The defendant's remaining contentions are unpreserved for appellate review, without merit, or do not require reversal. Joy, J. P., Goldstein, Florio and McGinity, JJ., concur.