■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MALIK SHAKUR, Appellant. [671 NYS2d 137] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Finnegan, J.), rendered June 18, 1996, convicting him of burglary in the third degree, criminal trespass in the second degree, attempted petit larceny, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of burglary in the third degree, criminal trespass in the second degree, attempted petit larceny, and criminal mischief in the fourth degree. The charges arose from two separate incidents at the same location, one occurring on June 5, 1995, and the other on June 9, 1995. On appeal, the defendant contends that the counts were rendered duplicitous by the court's failure to instruct the jury as to the specific date each crime was alleged to have occurred. He claims that the jury could have considered evidence relating to either date to convict him of a particular count, thereby creat-

ing a risk that the verdict was not unanimous (*see, People v Keindl,* 68 NY2d 410).

The defendant's contention regarding the criminal trespass, attempted petit larceny, and criminal mischief counts is unpreserved for appellate review as he failed to object to the court's charge with respect to those counts (*see, People v Foxx,* 240 AD2d 430; *see also, People v McCall,* 88 NY2d 838, 840). The defendant's contention as to the burglary count is preserved since he specifically objected to that charge on the same ground which he now raises on appeal (*see,* CPL 470.05 [2]). There is, however, no merit to his claim.

Contrary to the defendant's contention, it was made clear to the jury during the course of the trial that he was charged with separate crimes relating to separate dates and incidents, despite the court's failure to specify the dates in its charge. In his opening remarks, the prosecutor informed the jury that count one of the indictment, the burglary charge, involved a crime that was committed on June 5, 1995. The testimony at trial left no doubt that the burglary charge was based on the June 5, 1995, incident, while the criminal trespass charge related to the events of June 9, 1995. In his summation, the defense counsel distinguished the burglary and criminal trespass charges and specified the separate dates on which each crime allegedly occurred. Although the court failed to specify the dates as it should have, the court did instruct the jury that the criminal trespass count related to the second alleged incident, thereby temporally differentiating it from the burglary count. Moreover, a note from the jury during its deliberations reflected its awareness that the defendant was charged with separate crimes relating to separate dates. Under the circumstances, there is no possibility that the jury's verdict on the burglary count was not unanimous (*see, People v Nichols,* 193 AD2d 764; *cf., People v Payne,* 241 AD2d 466; *People v Davila,* 198 AD2d 371). Altman, J. P., Krausman, Florio and Luciano, JJ., concur.