■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT FOOTE, Appellant. [674 NYS2d 69] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Wade, J.), rendered March 7, 1995, convicting him of rape in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and the third count of the indictment charging rape in the first degree is dismissed, with leave to the People, should they be so advised, to resubmit any appropriate charges arising out of the conduct underlying that count to another Grand Jury.

The indictment in this case charged the defendant with, among other things, three counts of rape in the first degree. At the trial, however, the complainant described four specific times that the defendant allegedly forced her to have sexual intercourse and testified that, in total, the defendant had placed his penis in her vagina approximately eight times. During the jury charge, the court did not link the testimony of vaginal intercourse sequentially or otherwise to the different counts of the indictment. Therefore, as correctly asserted by the defendant at trial and on appeal, the counts of the indictment were duplicitous (*see, People v Jiminez,* 239 AD2d 360; *People v Jelinek,* 224 AD2d 717, *cert denied* 519 US 900; *People v Davila,* 198 AD2d 371). The jury ultimately returned a verdict convicting the defendant of only the third count of rape, and it is not possible on appellate review to determine what conduct of the defendant the jury found supported that count.

Moreover, under the circumstances of this case, the court erred in recharging the jury and ordering further deliberations. Miller, J. P., Sullivan, Friedmann and Luciano, JJ., concur.