■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RENO JACKSON, Appellant. [672 NYS2d 810] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated October 30, 1995 (*People v Jackson,* 220 AD2d 772), affirming a judgment of the Supreme Court, Kings County, rendered April 19, 1993.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes,* 463 US 745). Mangano, P. J., Ritter, Sullivan and Joy, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD JONES, Appellant. [673 NYS2d 731] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lewis, J.), rendered May 8, 1996, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of criminal possession of a controlled substance in the third degree under the second count in the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment with leave to the People, should they be so advised, to resubmit any appropriate charges arising out of the conduct underlying that count of the indictment to another Grand Jury; as so modified, the judgment is affirmed.

We agree with the defendant's contention that the court's refusal to specify which drugs were relevant to the second count of the indictment, in response to a question submitted by the jury during deliberations, rendered that count duplicitous (*see, People v Payne,* 241 AD2d 466; *People v Jiminez,* 239 AD2d 360).

The defendant's remaining contentions are without merit or relate to harmless error. Rosenblatt, J. P., Ritter, Sullivan and Goldstein, JJ., concur.