Application by the appellant for a writ of error coram nobis to vacate, on the *379 ground of ineffective assistance of appellate counsel, a decision and order of this Court dated February 26, 1996 (People v Jelinek, 224 AD2d 717 [1996], lv denied 88 NY2d 880 [1996], cert denied 519 US 900 [1996]), affirming a judgment of the County Court, Nassau County, rendered May 14, 1993.
Ordered that the application is denied.
The appellant has failed to establish that he was denied the effective assistance of appellate counsel (see Jones v Barnes, 463 US 745 [1983]).
On this application, the appellant argues that his appellate counsel was ineffective for failing to raise a claim of ineffective assistance of trial counsel. Specifically, the appellant contends that his “standby counsel” at trial was ineffective for failing to preserve an issue that there was a material variance between the proof adduced at the trial and the allegations of the indictment with respect to certain counts charged therein which required reversal of the convictions on those counts, or to advise the appellant to move to dismiss those counts of the indictment. We note that in our decision and order dated February 26, 1996 (People v Jelinek, 224 AD2d 717 [1996], lv denied 88 NY2d 880 [1996], cert denied 519 US 900 [1996]), we indicated that certain of the appellant’s contentions were without merit or did not require reversal. Included among those contentions considered by this Court on the appeal was the appellant’s unpreserved claim that there was a material variance between the proof adduced at the trial and the allegations of the indictment which required reversal of the convictions on those counts of the indictment. That unpreserved claim was in fact raised by appellate counsel, briefed by the People, fully considered by this Court on the direct appeal in the exercise of our interest of justice jurisdiction, and found to be without merit (see People v DeSanto, 217 AD2d 636 [1995]; People v Brown, 196 AD2d 428 [1993]). Prudenti, PJ., Ritter, Santucci and Altman, JJ., concur.