■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY DATHAN, Appellant. [812 NYS2d 119]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered August 13, 2003, convicting him of criminal sale of a controlled substance in the second degree (two counts), criminal sale of a controlled substance in the third degree (five counts), and conspiracy in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of conspiracy in the second degree under the thirty-seventh count of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment with leave to the People, should they be so advised, to resubmit any appropriate charges arising out of the conduct underlying that count of the indictment to another grand jury; as so modified, the judgment is affirmed.

The defendant is correct that the conspiracy count of the indictment should be dismissed. Conspiracy in the second degree requires that the defendant agree to engage in a class A felony (*see* Penal Law § 105.15). Criminal sale of a controlled substance in the second degree is a class A-II felony and requires sale of a narcotic drug weighing one-half ounce or more (*see* Penal Law § 220.41). Here, the prosecution's theory at trial and the court's jury charge allowed the jury to convict the defendant of conspiracy in the second degree based on an aggregate weight of one-half ounce or more of a combination of alleged sales of cocaine weighing less than one-half ounce taking place over several

months. However, because each of these lesser drug sales was independent, they did not constitute a continuous offense establishing a class A felony (*see People v Okafore*, 72 NY2d 81, 86 [1988]; *Blockburger v United States*, 284 US 299 [1932]; *cf. People v Rosich*, 170 AD2d 703 [1991]; *People v Brannon*, 58 AD2d 34 [1977]). Moreover, it is uncertain whether the jurors convicted the defendant of conspiracy based on one or the other of the class A felony sales of which the defendant was convicted, or based on the aggregate weight of an unknown combination of lesser sales. Under the circumstances, the conspiracy count was duplicitous as submitted to the jury (*see* CPL 200.30; *People v Keindl*, 68 NY2d 410, 417-418 [1986]; *People v Jones*, 251 AD2d 350 [1998]; *People v Foote*, 251 AD2d 346 [1998]; *People v Payne*, 241 AD2d 466 [1997]; *People v Jiminez*, 239 AD2d 360 [1997]; *People v Jelinek*, 224 AD2d 717 [1996], *lv denied* 88 NY2d 880 [1996], *cert denied* 519 US 900 [1996]; *People v Davila*, 198 AD2d 371 [1993]; *cf. People v Shakur*, 249 AD2d 424 [1998]). Accordingly, the conviction of conspiracy in the second degree must be vacated and that count of the indictment dismissed.

The defendant's remaining contention is without merit. Crane, J.P., Santucci, Mastro and Dillon, JJ., concur.