■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH HOWARD, Appellant. [847 NYS2d 810]—Appeal from a judgment of the Monroe County Court (Patricia D. Marks, J.), rendered March 2, 2004. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree, robbery in the second degree and assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of robbery in the first degree (Penal Law § 160.15 [3]), robbery in the second degree (§ 160.10 [2] [b]) and assault in the second degree (§ 120.05 [6]). Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction of robbery in the first degree (*see People v Gray*, 86 NY2d 10, 19 [1995]). Defendant also failed to preserve for our review his contention that County Court erred in instructing the jury on the elements of that crime (*see* CPL 470.05 [2]; *People v Foxx*, 240 AD2d 430, 431 [1997], *lv denied* 90 NY2d 904 [1997]), and we decline to

exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We reject the contention of defendant that he was denied effective assistance of counsel based upon defense counsel's decision to challenge the People's identification evidence rather than the evidence supporting the dangerous instrument element of the charge of robbery in the first degree. Defense counsel's decision in that respect "reflects a reasonable and legitimate strategy under the circumstances and evidence presented" (*People v Benevento*, 91 NY2d 708, 713 [1998]). The further contention of defendant that he was denied effective assistance of counsel based upon defense counsel's failure to ascertain his status for sentencing purposes prior to trial involves matters outside the record and thus should be raised in a proceeding pursuant to CPL article 440 (*see People v Keith*, 23 AD3d 1133, 1134-1135 [2005], *lv denied* 6 NY3d 815 [2006]). Present—Martoche, J.P., Smith, Centra, Peradotto and Green, JJ.