■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AISHAN REYES, Appellant. [43 NYS3d 79]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dwyer, J.), rendered May 16, 2011, as amended May 23, 2011, convicting him of attempted murder in the second degree, assault in the first degree, conspiracy in the second degree, assault in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment, as amended, is modified, as a matter of discretion in the interest of justice, by vacating the conviction of conspiracy in the second degree under count two of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment, as amended, is affirmed.

The defendant contends that his convictions of attempted murder in the second degree, assault in the first degree, and assault in the second degree were not supported by the weight of the evidence on the ground that he was acting under duress.

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the opportunity of the finder of fact to view the witnesses, hear testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]). Upon reviewing the record here, we are satisfied that the verdict of guilt, and the jury's rejection of the affirmative defense of duress, was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

However, we agree with the defendant's contention that the evidence was legally insufficient to support the conviction of conspiracy in the second degree. While the defendant failed to preserve this challenge, we reach it in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6] [a]). The defendant was charged with conspiracy in the second degree based on his alleged agreement to engage in the crime of criminal possession of a controlled substance in the second degree, which requires the knowing and unlawful possession of a controlled substance of an aggregate weight of four or more ounces (*see* Penal Law §§ 105.15, 220.18 [1]). Here, there was legally insufficient evidence that the defendant agreed to possess four or more ounces of cocaine (*see People v Reales*, 27 AD3d 584 [2006]; *People v Dathan*, 27 AD3d 575 [2006]).

The defendant's remaining contention has been rendered academic in light of our determination. Dillon, J.P., Dickerson, Hinds-Radix and Maltese, JJ., concur.