People v Sukhu (2018 NY Slip Op 00574)





People v Sukhu


2018 NY Slip Op 00574


Decided on January 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
L. PRISCILLA HALL
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2015-08118
 (Ind. No. 16/14)

[*1]The People of the State of New York, respondent,
v
James Sukhu, appellant.


Paul Skip Laisure, New York, NY (Golnaz Fakhimi and Anders Nelson of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Danielle M. O'Boyle of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Barry A. Schwartz, J.), rendered August 12, 2015, convicting him of assault in the first degree, robbery in the first degree (four counts), robbery in the second degree (three counts), and assault in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant manifested the requisite criminal intent to support the robbery convictions (see People v Bracey, 41 NY2d 296, 301; People v Mendez, 34 AD3d 697, 698; People v Coulter, 240 AD2d 756). The complainants testified that the defendant, while aided by others with a metal pipe and a bat, continuously pummeled them, and that while this attack took place, one of the defendant's fellow attackers ripped their jewelry from their bodies in plain sight. Accordingly, contrary to the defendant's contention, the conclusion that the defendant intentionally aided his fellow attackers in forcibly stealing the complainants' property can be readily inferred from the defendant's conduct and the surrounding circumstances (see Matter of Juan J., 81 NY2d 739, 740-741; People v Luke, 279 AD2d 534, 535). Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 644-645). To the extent that the defendant challenges the Supreme Court's jury charge with regard to robbery, the challenge is without merit, as the court's instruction on robbery, read as a whole, was proper (see People v Fields, 87 NY2d 821, 823).
The defendant's contention that two of the counts of robbery in the first degree should have been dismissed as multiplicitous is unpreserved for appellate review (see CPL 470.05[2]; People v Cruz, 96 NY2d 857, 858; People v Campbell, 120 AD3d 827) and, in any event, without merit (see People v Jackson, 264 AD2d 857; People v Negron, 229 AD2d 340, 340-341).
The defendant contends that certain remarks made by the prosecutor during summation deprived him of a fair trial and constituted reversible error, because she allegedly mischaracterized the evidence, vouched for the credibility of the People's witnesses, and made inflammatory comments. The defendant's contentions are unpreserved for appellate review, since he either made only one-word objections, failed to request curative instructions, or failed to timely move for a mistrial on this ground (see CPL 470.05[2]; People v Balls, 69 NY2d 641, 642; People v Salnave, 41 AD3d 872, 874). In any event, most of the comments alleged to be improper were either fair comment on the evidence (see People v Ashwal, 39 NY2d 105), or responsive to arguments and theories presented in the defense summation (see People v Galloway, 54 NY2d 396; People v Moore, 29 AD3d 825, 825-826). To the extent that any of the prosecutor's remarks were improper, they did not deprive the defendant of a fair trial, and any other error in this regard was harmless, as there was overwhelming evidence of the defendant's guilt and no significant probability that the error contributed to the defendant's conviction (see People v Crimmins, 36 NY2d 230, 241-242; People v Hill, 286 AD2d 777, 778).
The defendant's remaining contentions are without merit.
BALKIN, J.P., HALL, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court