People v Godfrey (2022 NY Slip Op 50432(U))

[*1]

People v Godfrey (Arthur)

2022 NY Slip Op 50432(U) [75 Misc 3d 130(A)]

Decided on May 24, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 24, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, BARRY E.
WARHIT, JJ

2019-1842 N CR

The People of the State of New York,
Respondent,
against
Arthur Godfrey, Appellant. 

Nassau County Legal Aid Society (Tammy Feman and Argun M. Ulgen of counsel), for
appellant.
Nassau County District Attorney (Daniel Bresnahan and Kelly Gans of counsel), for respondent.

Appeal from a judgment of the District Court of Nassau County, First District (Douglas J.
Lerose, J.), rendered December 5, 2019. The judgment convicted defendant, upon a jury verdict,
of aggravated harassment in the second degree, and imposed sentence.

ORDERED that the judgment of conviction is reversed, on the law and as a matter of
discretion in the interest of justice, and the superseding information is dismissed.
In May 2019, the People filed a superseding misdemeanor information charging defendant
with one count of aggravated harassment in the second degree (Penal Law § 240.30 [1]),
alleging that defendant sent a threatening text message to complainant on August 26, 2018 and a
second threatening text message on September 19, 2018. Following a jury trial, defendant was
convicted of aggravated harassment in the second degree.
Defendant contends that the superseding information should be dismissed because it is
duplicitous. The People concede that the count is duplicitous, but contend that defendant did not
preserve his claims. While we agree that defendant's contentions are unpreserved, we review the
issue in the exercise of our interest of justice jurisdiction.
An accusatory instrument is duplicitous when a single count charges more than one offense
(see CPL 200.30 [1]; People v
Syville, 55 Misc 3d 137[A], 2017 NY Slip Op 50507[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2017]). "[A]cts which separately and individually make out distinct crimes
must be charged in separate and distinct counts" (People v Keindl, 68 NY2d 410, 417
[1986]). "A basic reason underlying the proscription of duplicitous counts is that it tends to
ensure the reliability of a unanimous verdict" (People v Davila, 198 AD2d 371, 373
[1993]). "If two or more offenses are alleged in one count, individual jurors might vote to convict
a defendant of that count on the basis of different offenses; the defendant [*2]would thus stand convicted under that count even though the jury
may never have reached a unanimous verdict as to any one of the offenses" (Keindl, 68
NY2d at 418). Here, the superseding information, charging one count of aggravated harassment
in the second degree, but alleging that two offenses occurred on two distinct dates, separated by
nearly a month, is, on its face, duplicitous (see People v Davis, 72 NY2d 32, 38 [1998];
People v Jean, 117 AD3d 875,
876 [2014]).
In light of the foregoing, defendant's remaining contentions need not be addressed.
Accordingly, the judgment of conviction is reversed and the superseding information is
dismissed.
GARGUILO, P.J., EMERSON and WARHIT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 24, 2022