OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, the defendant’s conviction vacated, and the indictment dismissed.
The defendant was convicted of conspiracy in the first degree for allegedly conspiring with one Mostovoy to sell cocaine on five specified dates in 1975. The People submitted proof that Mostovoy sold the drug to an undercover officer at or near an apartment in Manhattan. The defendant was never present during any of these sales and, during these transactions, Mostovoy never mentioned the defendant as being involved in the illegal drug traffic. Mostovoy did, however, make frequent references to his supplier and these remarks were used circumstantially to identify the defendant as the supplier. In view of the fact that Mostovoy did not testify at trial, the People relied almost exclusively on hearsay to establish the defendant’s guilt. The primary question is whether Mostovoy’s statements concerning his supplier, as related by the police officers, were properly admitted in evidence under the conspiracy exception to the hearsay rule.
 It is settled that a statement made by a conspirator during the course of, and in the furtherance of, a conspiracy may be admitted against a coconspirator to establish guilt of a conspiracy or a substantive offense (People v Salko, 47 NY2d 230, 237). The evidence however is not admissible unless the People have submitted proof, other than the hearsay state *956 ments, showing that a conspiracy existed at the time the statements were made (People v Salko, supra; People v Berkowitz, 50 NY2d 333). This preliminary showing is sufficient if the independent evidence establishes the conspiracy prima facie (People v Salko, supra, p 237). Here, however, the court instructed the jury during the opening statements that this preliminary showing required proof beyond a reasonable doubt, and later during the charge to the jury stated: "All statements, activities, and conduct of Mostovoy must not be considered by you against the defendant until you have found by independent evidence beyond a reasonable doubt that there was a conspiracy and that the defendant was a member of it.” The prosecutor did not object to these instructions and thus was bound to satisfy the heavier burden in this case (People v Bell, 48 NY2d 913).
The independent evidence viewed most favorably to the People, establishes that the defendant, employed as a manager of a restaurant located near the apartment where the drug sales occurred, was acquainted, apparently well acquainted, with Mostovoy; had access to his apartment and in conversations with Mostovoy was heard to use terms which might refer to one or two of the drug sales. These circumstances, although suspicious, were insufficient as a matter of law to prove "beyond a reasonable doubt” that the defendant was a member of a conspiracy involving these five drug transactions. Thus in this case the People failed to meet the burden which they accepted as a necessary predicate to admission of Mostovoy’s out-of-court statements implicating the defendant as his supplier.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Order reversed, etc.