■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY FREE, Appellant. [650 NYS2d 257] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cohen, J.), rendered January 6, 1993, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The defendant was arrested after the car in which he was a passenger was pulled over by two police officers. A search of the vehicle uncovered several weapons, including a 9-millimeter pistol which was discovered under the front seat where the defendant had been sitting. Upon inspection, the police ascertained that the pistol's serial numbers had been defaced.

The defendant was subsequently charged with, and convicted of, criminal possession of a weapon in the third degree pursuant to Penal Law § 265.02 (3) for possessing a defaced firearm. On appeal, the defendant contends, *inter alia,* that there was insufficient evidence to prove beyond a reasonable doubt that he knew the weapon was defaced.

We agree that the People failed to present legally sufficient evidence that the defendant was aware the firearm was defaced *(cf., People v Butler,* 192 AD2d 543). Notably, the court's charge, to which the People voiced no objection *(see, People v Malagon,* 50 NY2d 954), specifically instructed the jury, *inter alia,* that the People were obligated to prove as a separate element of the crime that the defendant was aware that the firearm had been defaced. While the court charged the jury that it could presume the defendant possessed the firearm by virtue of his presence in the automobile *(see,* Penal Law § 265.15 [3]), its charge did not include any reference to the firearm's defaced condition. Accordingly, the presumption as charged by the court did not authorize the jury to draw the further and additional inference that the defendant also knew the weapon had been defaced *(see,* Penal Law § 265.15 [5]; *cf., People v Canty,* 153 AD2d 640, 641). Inasmuch as the evidence adduced at trial otherwise

failed to establish that the defendant was aware that the firearm had been defaced, the judgment is reversed and the indictment is dismissed.

In light of our determination, we do not reach the defendant's remaining contentions, including those raised in his supplemental *pro se* brief. Bracken, J. P., Thompson, Goldstein and McGinity, JJ., concur.