■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCINA KEARSE, Appellant. [734 NYS2d 641] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered June 26, 2000, convicting her of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The evidence adduced at trial established that the defendant and her male accomplice physically accosted the complainant in the vestibule of his apartment building. After the defendant's accomplice restrained the complainant and demanded that he surrender his money, the defendant removed a set of keys and a small pocket knife from his pocket. The defendant's accomplice repeatedly cut the complainant with that knife, after which the assailants fled without taking the complainant's money or jewelry.

At the defendant's trial, the Supreme Court submitted three counts to the jury, charging robbery in the first degree (Penal Law § 160.15 [3]), robbery in the second degree (Penal Law § 160.10 [1]), and assault in the second degree (Penal Law § 120.05 [1]). However, without any objection from the prosecutor, the Supreme Court erroneously and gratuitously instructed the jury that to find the defendant guilty of assault in the second degree, it had to find that "the defendant, acting in concert, forcibly stole property from [the complainant] using a knife," intending to, and causing serious physical injury. The Supreme Court thus charged the jury that the robbery was an element of assault. The jury acquitted the defendant on both robbery charges, but convicted her on the assault count.

The defendant is correct in her challenge to the verdict as repugnant (*see, People v Tucker*, 55 NY2d 1). At the outset we note that, under the circumstances of this case, the issue was preserved by the defendant for appellate review.

"It is well established that whether a verdict in a case involving a multiple-count indictment is repugnant is to be determined solely on the basis of the trial court's charge. 'The critical concern is that an individual not be convicted for a crime on which the jury has actually found that the defendant did not commit an essential element'" (*People v Johnson*, 133 AD2d 175, *affd* 70 NY2d 964, quoting *People v Tucker, supra*, at 6).

The Supreme Court's assault charge was erroneous, as a forcible stealing of property is not an element of assault. Nevertheless, the determination of whether a verdict is repugnant does not turn on whether the trial court's charge was correct (*see, People v Hampton*, 61 NY2d 963). Since the prosecutor did not object to the assault charge as given he was bound to satisfy the heavier burden charged (*see, People v Malagon*, 50 NY2d 954). Obviously, the jury could not acquit the defendant of both

robbery counts yet convict the defendant of assault as charged. "Robbery is forcible stealing" (Penal Law § 160.00). As erroneously charged, the jury was required to find that the defendant "forcibly stole property" as an element of assault in the second degree. Acquittal on the robbery charges is clearly irreconcilable with and repugnant to conviction on the assault count, as charged, and thus, the judgment must be reversed and the indictment dismissed (*see, People v Johnson, supra; see also, People v Carbonell,* 40 NY2d 948). Altman, J. P., S. Miller, Crane and Prudenti, JJ., concur.