■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TEMITOPE ODUBOGUN, Appellant. [827 NYS2d 877]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered June 14, 2005, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contentions regarding the prosecutor's reference during his opening statement to a witness who ultimately refused to testify, and regarding the admission of testimony of a detective that, after conducting interviews at the crime scene, he suspected the defendant of committing the murder and that he arrested the defendant after a witness viewed a lineup, are unpreserved for appellate review (see People v Barboza, 24 AD3d 460, 461 [2005]; People v Boatswain, 8 AD3d 673, 674 [2004]; People v Thompson, 276 AD2d 811 [2000]).

In any event, the defendant's claims with respect to the opening statement and the testimony about when the defendant

became a suspect are without merit (*see People v De Tore*, 34 NY2d 199, 207 [1974], *cert denied sub nom. Wedra v New York*, 419 US 1025 [1974]; *People v Nicholas*, 1 AD3d 614 [2003]), and any error in the admission of the testimony about the arrest after the lineup was harmless (*see People v Mobley*, 56 NY2d 584, 585 [1982]).

The defendant was not deprived of the effective assistance of counsel. Counsel pursued a viable misidentification defense throughout the trial. Viewing the record as a whole, the defendant received meaningful representation (*see People v Henry*, 95 NY2d 563, 566 [2000]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Schmidt, J.P., Crane, Skelos and Fisher, JJ., concur.