■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DYSHAWN WHITE, Appellant. [854 NYS2d 758]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered October 27, 2005, convicting him of manslaughter in the first degree, criminal possession of a weapon in the second degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The prosecution's theory at trial was that, in retaliation for a prior attack on the defendant's uncle, the defendant repeatedly shot at the unarmed victim and his brother as they fled. The victim was hit in the back by one of the bullets and subsequently died. The defendant was charged with, and convicted of, inter alia, manslaughter in the first degree and reckless endangerment in the first degree.

The defendant objected to the simultaneous submission of the

manslaughter and reckless endangerment counts on the ground that the two counts were based on inconsistent states of mind. The court overruled the objection, explaining that the manslaughter charge concerned the defendant's alleged conduct against the victim, while the reckless endangerment charge concerned his alleged conduct against "other people in the street." The defendant made no further objection to the court's charge. On appeal, the defendant contends that the court's charge on reckless endangerment did not clearly specify that this count pertained only to the reckless creation of a grave risk of death to a person other than the victim. As this specific issue was never brought to the attention of the trial court, it is unpreserved for appellate review (*see* CPL 470.05 [2]), and we decline to reach it in the exercise of our interest of justice jurisdiction.

Moreover, although the defendant does not challenge the legal sufficiency of the evidence, or contend that the verdict of guilt was against the weight of the evidence, we note that in weighing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson,* 9 NY3d 342, 349 [2007]; *People v Cooper,* 88 NY2d 1056, 1058 [1996]; *People v Noble,* 86 NY2d 814, 815 [1995]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The defendant's remaining contention is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Odubogun,* 36 AD3d 942 [2007]) and we decline to review it in the exercise of our interest of justice jurisdiction. Prudenti, P.J., Fisher, Florio and McCarthy, JJ., concur.