■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MADELIN JEAN, Appellant. [985 NYS2d 669]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (St. George, J.), rendered April 1, 2011, convicting him of rape in the second degree (42 counts), incest in the second degree (39 counts), incest in the third degree (5 counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating the convictions of rape in the second degree under counts 3, 4, 9, 15, 16, 21, 22, 28, 29, 36, 42, and 43 of the amended indictment, and the convictions of incest in the second degree under counts 52, 53, 54, 56, 58, 59, 60, 61, 62, 64, 65, 66, 67, 68, 70, 71, 72, 74, 75, 76, 77, 78, 79, 80, 81, 82, 85, 86, 87, 88, 89, 91, 92, 93, 94, 95, 96, 97, and 98 of the amended indictment, vacating the sentences imposed on those counts of the amended indictment, and dismissing those counts of the amended indictment; as so modified, the judgment is affirmed.

The defendant was accused, inter alia, of having intercourse

on numerous occasions with one of his daughters (hereinafter the younger daughter) over the course of two years, at a time when she was between 13 and 15 years old, and of having intercourse on two occasions with his eldest daughter during the same period, at a time when she was between 16 and 18 years old.

The defendant was convicted of 42 counts of rape in the second degree, each arising out of one of the incidents involving the younger daughter. In addition, the defendant was convicted of 39 counts of incest in the second degree arising out of the same incidents. The defendant's contention that these counts of rape in the second degree and incest in the second degree were multiplicitous is unpreserved for appellate review (see CPL 470.05 [2]; *People v Mighty*, 109 AD3d 841 [2013]). Nevertheless, under the circumstances, we review the contention in the interest of justice. "[An indictment] is multiplicitous when a single offense is charged in more than one count" (*People v Alonzo*, 16 NY3d 267, 269 [2011]). Here, the record reflects that the jury charges regarding the subject counts of incest in the second degree and the counts of rape in the second degree were essentially identical, since one cannot commit incest in the second degree under Penal Law § 255.26 as charged to the jury without simultaneously committing rape in the second degree as defined in Penal Law § 130.30 (see *People v Smalls*, 81 AD3d 860, 861 [2011]). As such, those charges were multiplicitous, and we vacate the defendant's convictions of incest in the second degree under counts 52, 53, 54, 56, 58, 59, 60, 61, 62, 64, 65, 66, 67, 68, 70, 71, 72, 74, 75, 76, 77, 78, 79, 80, 81, 82, 85, 86, 87, 88, 89, 91, 92, 93, 94, 95, 96, 97, and 98 of the amended indictment, vacate the sentences imposed thereon, and dismiss those counts of the amended indictment (see *id.*).

The defendant further contends, as he did in the Supreme Court, that certain counts of rape in the second degree were duplicitous. "Each count of an indictment may charge one offense only" (CPL 200.30 [1]). A count that, in violation of the statute, charges more than one offense, "is void for duplicity" (*People v Davis*, 72 NY2d 32, 38 [1988]; see CPL 200.30 [1]; *People v Keindl*, 68 NY2d 410, 418 [1986]). "The proscription against duplicitous counts . . . seeks [inter alia] to prevent the possibility that 'individual jurors might vote to convict a defendant of that count on the basis of different offenses', in effect, permitting a conviction even though a unanimous verdict was not reached" (*People v Davis*, 72 NY2d at 38, quoting *People v Keindl*, 68 NY2d at 418; see *People v Jiminez*, 239 AD2d 360 [1997]; *People v Davila*, 198 AD2d 371, 373 [1993]). "Where a

crime is completed by a discrete act, and where a count in the indictment is based on the repeated occurrence of that act over a course of time, the count includes more than a single offense and is duplicitous" (*People v Black*, 65 AD3d 811, 813 [2009]; *see People v Keindl*, 68 NY2d at 417-418; *People v Crampton*, 45 AD3d 1180, 1182 [2007]; *People v Jiminez*, 239 AD2d at 360). "Even if a count is valid on its face, it is nonetheless duplicitous where the evidence presented to the grand jury or at trial makes plain that multiple criminal acts occurred during the relevant time period, rendering it nearly impossible to determine the particular act upon which the jury reached its verdict" (*People v Black*, 65 AD3d at 813 [internal quotation marks omitted]; *see People v White*, 41 AD3d 1036, 1037-1038 [2007]; *People v Bracewell*, 34 AD3d 1197, 1198-1199 [2006]; *People v Dalton*, 27 AD3d 779, 781 [2006]).

The younger daughter testified that the defendant had sexual intercourse with her once, on Tuesday or Wednesday, every week for the first three weeks of each month during the period at issue, while skipping the fourth week, because she was menstruating. The verdict sheet presented to the jury contained three counts for each month at issue. The first count for each month described the alleged crime as occurring on or about the first of the subject month to on or about the last day of the month. The second count for each month provided the same description as the first count for each month, but also stated that the alleged crime was "separate and distinct from the act mentioned and described" in the first count for that month. The third count provided the same description as the first count for each month, but also stated that the alleged crime was "separate and distinct from the acts mentioned and described" in the first and second counts for that month.

Contrary to the defendant's contention, where the jury convicted the defendant of all three of the counts for the same month, it is clear, based on the younger daughter's testimony, that they were unanimous in convicting him of each of the three different crimes. However, as the People correctly concede, where the defendant was convicted of only one or two of the counts charging rape or incest in a particular month, it is impossible to determine whether the jury unanimously found the defendant guilty of the same crime, because neither the wording on the verdict sheet, nor the jury charge, linked "the testimony of vaginal intercourse sequentially or otherwise to the different counts of the indictment" (*People v Foote*, 251 AD2d 346, 346 [1998]). Accordingly, where the jury found the defendant guilty of only one or two of the crimes charged for that month, which

occurred with respect to October and December 2006, February, April, September, and December 2007, and February 2008, the counts of rape in the second degree were duplicitous (*see People v Black*, 65 AD3d at 813; *People v White*, 41 AD3d at 1037-1038; *People v Bracewell*, 34 AD3d at 1198-1199; *People v Dalton*, 27 AD3d at 781). Accordingly, we vacate the defendant's convictions of rape in the second degree under counts 3, 4, 9, 15, 16, 21, 22, 28, 29, 36, 42, and 43, vacate the sentences imposed thereon, and dismiss those counts of the amended indictment. The relevant counts of incest in the second degree arising out of these incidents have already been dismissed as multiplicitous, as discussed above.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of the remaining counts. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt as to those counts was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that hearsay testimony of the younger daughter's outcry to her cousin was improperly admitted is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Smith*, 298 AD2d 607 [2002]; *People v Hunte*, 276 AD2d 717 [2000]). In any event, "the objection was waived when the defense elicited the same testimony on cross-examination" (*People v Stalter*, 77 AD3d 776, 777 [2010]; *see People v Brown*, 57 AD3d 1461, 1462 [2008]; *People v Grant*, 54 AD3d 967 [2008]).

The defendant was not deprived of the effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. Mastro, J.P., Lott, Sgroi and LaSalle, JJ., concur.