THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAGMOHAN SINGH, Appellant. [9 NYS3d 324]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered December 12, 2012, convicting him of rape in the second degree (40 counts), rape in the third degree (34 counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, on the facts, and as a matter of discretion in the interest of justice, counts 17 through 40 of the indictment are dismissed, counts 2 through 16 and counts 41 through 74 of the indictment are dismissed with leave to the People, should they be so advised, to resubmit those charges to another grand jury, and the matter is remitted to the Supreme Court, Queens County, for a new trial on the charges of rape on the second degree under count 1 of the indictment and endangering the welfare of a child under count 75 of the indictment.

The defendant was charged, under counts 1 through 40 of an indictment, with committing rape in the second degree (Penal Law § 130.30 [1]) by engaging in sexual intercourse with a person less than 15 years old during successive two-week time periods beginning on January 2, 2008. Counts 41 through 74 of the indictment charged the defendant with committing rape in the third degree (Penal Law § 130.25 [2]) by engaging in sexual intercourse with a person less than 17 years old during successive two-week time periods beginning on September 1, 2009. Count 75 of the indictment charged the defendant with endangering the welfare of a child (Penal Law § 260.10 [1]).

A jury trial was held, during which the trial court, without objection, erroneously instructed the jury that, to prove the defendant's guilt of rape in the second degree, the People were required to prove that the complainant was incapable of consent because she was less than 14 years old during the rel-

evant time period (*cf.* Penal Law § 130.30 [1] [a person is guilty of rape in the second degree when, "being eighteen years old or more, he or she engages in sexual intercourse with another person less than fifteen years old"]). The jury convicted the defendant of all counts.

The defendant correctly contends that counts 2 through 16 and counts 41 through 74 of the indictment must be dismissed as duplicitous. Contrary to the People's contention, the defendant's contention that the complainant's trial testimony rendered these counts duplicitous was preserved for appellate review (*see People v Allen*, 24 NY3d 441, 449 [2014]).

"Each count of an indictment may charge one offense only" (CPL 200.30 [1]). A count in an indictment is void as duplicitous when that "single count charges more than one offense" (*People v Alonzo*, 16 NY3d 267, 269 [2011]; *see People v Davis*, 72 NY2d 32, 38 [1988]; *People v Jean*, 117 AD3d 875 [2014]; *People v Black*, 65 AD3d 811, 813 [2009]). Where, as here, the crime charged " 'is completed by a discrete act, and where a count in the indictment is based on the repeated occurrence of that act over a course of time, the count includes more than a single offense and is duplicitous' " (*People v Jean*, 117 AD3d at 877, quoting *People v Black*, 65 AD3d at 813). " 'Even if a count is valid on its face, it is nonetheless duplicitous where the evidence presented . . . at trial makes plain that multiple criminal acts occurred during the relevant time period, rendering it nearly impossible to determine the particular act upon which the jury reached its verdict' " (*People v Jean*, 117 AD3d at 877, quoting *People v Black*, 65 AD3d at 813).

Here, counts 2 through 16 and counts 41 through 74 each charged the defendant with committing a single act of sexual intercourse within a different two-week time period. Thus, these counts were not duplicitous on their face. However, at trial, the complainant testified that during each two-week period encompassed by these counts, the defendant had sexual intercourse with her two to three times per week, for a total of four to six times during each two-week period charged by these counts of the indictment. Accordingly, the complainant's trial testimony demonstrates that these counts are premised upon multiple acts of rape, and are therefore void as duplicitous (*see People v Jean*, 117 AD3d 875 [2014]; *People v Foote*, 251 AD2d 346 [1998]; *People v Jelinek*, 224 AD2d 717, 718 [1996]). We therefore vacate the convictions under counts 2 through 16 and counts 41 through 74 of the indictment and the sentences imposed thereon, and dismiss those counts of the indictment, with leave to the People, should they be so advised, to resubmit the charges to another grand jury.

The defendant failed to preserve his contention that the evidence was legally insufficient to prove his guilt with respect to counts 17 through 40 because, in light of the erroneous jury instructions, the People failed to prove beyond a reasonable doubt the element pertaining to the complainant's age (*see* CPL 470.05 [2]). Nevertheless, in conducting weight-of-the-evidence review, we necessarily determine whether the People proved each element of the offense beyond a reasonable doubt (*see People v Danielson*, 9 NY3d 342, 349 [2007]; *People v Ballenger*, 106 AD3d 1375, 1376 n [2013]; *People v Newkirk*, 75 AD3d 853, 855 [2010]). Moreover, we weigh the evidence in light of the elements of the crimes as charged to the jury without objection (*see People v Danielson*, 9 NY3d at 349; *People v Cooper*, 88 NY2d 1056, 1058 [1996]; *People v Noble*, 86 NY2d 814, 815 [1995]; *People v White*, 50 AD3d 708, 709 [2008]).

Here, since the People did not object to the erroneous jury charge, they were "bound to satisfy the heavier burden" (*People v Malagon*, 50 NY2d 954, 956 [1980]; *see People v Kearse*, 289 AD2d 507, 508 [2001]; *People v Free*, 233 AD2d 463 [1996]) of proving, for counts 1 through 40, that the defendant engaged in sexual intercourse with a person less than 14 years old. Since the evidence demonstrated that the complainant was 14 years old during the time periods encompassed by counts 17 through 40 of the indictment, the People failed to satisfy this burden as to those counts. Accordingly, we vacate the convictions under counts 17 through 40 of the indictment as against the weight of the evidence, vacate the sentences imposed thereupon, and dismiss those counts of the indictment.

The defendant failed to preserve for appellate review his contention that the evidence was legally insufficient to prove his guilt with respect to count 1 of the indictment (*see* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt on that count. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt on that count was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

However, vacatur of the defendant's conviction of rape in the second degree under count 1 of the indictment, as well as his conviction of endangering the welfare of a child under count 75 of the indictment, is required in light of misconduct committed by the prosecutor during summation. While the defendant's claim regarding the comments made by the prosecutor during

summation is partially unpreserved for appellate review, we nevertheless reach the defendant's unpreserved contentions in the exercise of our interest of justice jurisdiction (see CPL 470.15 [6] [a]; *People v Spann*, 82 AD3d 1013, 1015 [2011]).

"[S]ummation is not an unbridled debate in which the restraints imposed at trial are cast aside so that counsel may employ all the rhetorical devices at his [or her] command" (*People v Ashwal*, 39 NY2d 105, 109 [1976]). Rather, "[t]here are certain well-defined limits" (*id*. at 109). Among other things, "[the prosecutor] must stay within 'the four corners of the evidence' and avoid irrelevant and inflammatory comments which have a tendency to prejudice the jury against the accused" (*People v Spann*, 82 AD3d at 1015, quoting *People v Bartolomeo*, 126 AD2d 375, 390 [1987] [internal quotation marks omitted]; *see People v Ashwal*, 39 NY2d at 109). A prosecutor would be well-advised not to test these limits, both so as to stay within his or her proper truth-seeking role (*see People v Santorelli*, 95 NY2d 412, 420-421 [2000]) and so as to avoid the waste of time and expense that occurs when a new trial must be conducted solely on the basis of summation misconduct. Here, the prosecutor surpassed the "well-defined limits" (*People v Ashwal*, 39 NY2d at 109).

The prosecutor acted as an unsworn witness when, in response to defense counsel's summation comments regarding the lack of corroborative medical evidence and the failure to call certain witnesses, the prosecutor told the jury that the uncalled witnesses had "nothing to offer" and that the medical records the prosecution failed to offer into evidence were "either irrelevant or cumulative" (*see People v Whalen*, 59 NY2d 273, 281 [1983]; *People v Smith*, 288 AD2d 496 [2001]; *People v Brown*, 256 AD2d 414, 416 [1998]). The prosecutor also improperly invited the jury to speculate as to certain matters, despite advance warning by the trial court not to engage in that line of comment (*see People v Ashwal*, 39 NY2d at 110; *People v Marcus*, 101 AD3d 1046, 1048 [2012]). Further, the prosecutor shifted the burden of proof by telling the jury, and repeatedly returning to this theme, that it had not "heard" any "compelling reason" for the complainant to lie, and by suggesting that the jury would have to convict the defendant if it did not "buy" the defendant's explanation of certain evidence (*see People v Spann*, 82 AD3d at 1015; *People v Levandowski*, 8 AD3d 898, 900-901 [2004]; *People v Pagan*, 2 AD3d 879, 880-881 [2003]; *People v Bull*, 218 AD2d 663, 665 [1995]). The prosecutor further improperly suggested that the jury would have to conclude that the complainant was "evil" in order to

acquit the defendant (*see People v Pagan*, 2 AD3d at 880). The prosecutor repeatedly vouched for the complainant, while denigrating the defense and expressing his personal opinion as to the defendant's lack of credibility (*see People v Brown*, 26 AD3d 392, 393 [2006]; *People v Pagan*, 2 AD3d at 880; *People v Walters*, 251 AD2d 433, 434-435 [1998]). Finally, the prosecutor made a number of inflammatory references to the defendant using the complainant as his "personal sex toy" (*see People v Walters*, 251 AD2d at 435).

We agree with the defendant that the cumulative effect of the prosecutor's improper summation comments deprived him of his right to a fair trial (*see People v Spann*, 82 AD3d at 1016; *People v Brown*, 26 AD3d 392 [2006]; *People v Pagan*, 2 AD3d at 881). Accordingly, we remit the matter to the Supreme Court, Queens County, for a new trial on counts 1 and 75 of the indictment (*see* CPL 470.20 [1]; *People v Allen*, 39 NY2d 916, 917-918 [1976]; *People v Pascullo*, 120 AD2d 687, 689 [1986]). Skelos, J.P., Hall, Sgroi and Hinds-Radix, JJ., concur.