█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR CASIANO, Appellant. [50 NYS3d 439]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Parker, J.), rendered July 16, 2013, convicting him of assault in the second degree, assault in the third degree, and criminal mischief in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a

matter of discretion in the interest of justice, count six of the indictment charging criminal mischief in the third degree is dismissed, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the charges of assault in the second degree under count one of the indictment and assault in the third degree under count four of the indictment.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally insufficient to establish the defendant's guilt of criminal mischief in the third degree beyond a reasonable doubt (*see People v Powell*, 101 AD3d 756, 757 [2012]; *People v Curry*, 101 AD3d 743, 744 [2012]; *People v Deolall*, 7 AD3d 635, 635 [2004]). The evidence was insufficient to establish, beyond a reasonable doubt, that the damage to the subject property exceeded the sum of $250 (*see* Penal Law § 145.05 [2]; *People v Curry*, 101 AD3d at 744). We therefore vacate that conviction and dismiss count six of the indictment.

The defendant correctly asserts that the cumulative effect of the prosecutor's improper comments during summation requires a new trial. "[I]n summing up to the jury, [the prosecutor] must stay within 'the four corners of the evidence' and avoid irrelevant and inflammatory comments which have a tendency to prejudice the jury against the accused" (*People v Bartolomeo*, 126 AD2d 375, 390 [1987], quoting *People v Ashwal*, 39 NY2d 105, 109 [1976]). Here, during summation, the prosecutor repeatedly engaged in improper conduct. For instance, the prosecutor vouched for the credibility of the People's witnesses with regard to significant aspects of the People's case by asserting, inter alia, that "the witnesses who came before you provided truthful testimony that makes sense," that they gave the "kind of truthful and credible testimony that you can rely on," and that one witness had "no reason . . . to be anything but truthful with the 911 operator" (*see People v Redd*, 141 AD3d 546, 548 [2016]; *People v Spence*, 92 AD3d 905, 905-906 [2012]; *People v Brown*, 26 AD3d 392, 393 [2006]). In describing a complainant, the prosecutor asserted that he was "exactly what you hoped to see from someone who had troubles with the law in their youth," but had "changed [his] life" and now worked at an organization that helps "low-income people [obtain] health care," which was a clear attempt to appeal to the sympathy of the jury (*see People v Smith*, 288 AD2d 496, 497 [2001]; *see also People v Anderson*, 83 AD3d 854, 856 [2011]). To support the credibility of that same complainant, the prosecutor injected the integrity of the District Attorney's office into the trial to downplay the severity

of a past criminal charge he faced (*see People v Carter*, 40 NY2d 933, 934 [1976]; *People v Morgan*, 111 AD3d 1254, 1256 [2013]). Further, the prosecutor denigrated the defense and undermined the defendant's right to confront witnesses by implying that the complainants were victims of an overly long cross-examination and that one was a "saint" for answering so many questions (*see generally People v Brisco*, 145 AD3d 1028 [2016]; *People v Baum*, 54 AD3d 605, 606 [2008]). Moreover, the prosecutor improperly used the defendant's right to pretrial silence against him by arguing that he could not be a victim as he did not call 911 (*see People v De George*, 73 NY2d 614, 618 [1989]). The cumulative effect of these improper comments deprived the defendant of a fair trial (*see People v Calabria*, 94 NY2d 519, 522 [2000]; *People v Crimmins*, 36 NY2d 230, 237-238 [1975]; *People v Spann*, 82 AD3d 1013, 1015 [2011]). To the extent that the defendant's challenges to some of the above remarks were not preserved for appellate review, we nevertheless reach them in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6] [a]).

As a new trial must be ordered, we further note that the Supreme Court erred in admitting the recording of the second 911 call of a nontestifying witness under the present sense impression and excited utterance exceptions to the hearsay rule, and by unduly restricting the defendant's cross-examination of a complainant. The 911 call did not qualify as a present sense impression because the element of contemporaneity was not satisfied (*see People v Vasquez*, 88 NY2d 561, 575 [1996]; *People v Parchment*, 92 AD3d 699 [2012]), and the People failed to demonstrate that the delay between the conclusion of the event and the beginning of the call was not sufficient to destroy the indicia of reliability upon which the present sense impression exception rests (*see People v Parchment*, 92 AD3d at 699; *People v Matyszewski*, 47 AD3d 646 [2008]). The call also did not qualify as an excited utterance because the tenor of the call did not reflect that the caller was so excited or stressed by the incident that her ability to reflect thereon was stilled (*see People v Cantave*, 21 NY3d 374, 382 [2013]). With respect to the defendant's cross-examination of the complainants, the defense had a good faith basis to establish a possible motive to fabricate testimony, explore inconsistencies between their testimony, and to test the truthfulness of their narratives (*see People v Bartello*, 243 AD2d 483, 483 [1997]; *People v Rufrano*, 220 AD2d 701, 702 [1995]; *People v Elder*, 207 AD2d 498, 499 [1994]), and the defense is permitted to exceed the scope of a direct examination in order to prove a relevant proposition such as the justification defense (*see People v Sanders*, 2 AD3d 1420, 1420-1421 [2003]).

Furthermore, because we are reversing and ordering a new trial, we note that the Supreme Court, in fashioning its *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]), failed to appropriately balance the probative value of the defendant's prior crimes on the issue of his credibility and possible prejudice to the defendant if he were questioned about such crimes on cross-examination in the event he elected to take the stand (*see People v Kucmierowski*, 103 AD3d 755, 755-756 [2013]).

In light of our determination, we need not reach the defendant's remaining contention. Rivera, J.P., Leventhal, Hall and Duffy, JJ., concur.