■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY RAMIREZ, Appellant. [54 NYS3d 93]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Schwartz, J.), rendered June 18, 2014, convicting him of gang assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Danielson*, 9 NY3d 342,

349 [2007]; *People v Chowdhury*, 22 AD3d 596, 597 [2005]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]; *cf. People v Chavez*, 139 AD3d 1082 [2016]).

However, a new trial is required due to the prosecutor's improper comments during summation. While the defendant's claim in this regard is partially unpreserved for appellate review, we nevertheless review it in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6] [a]; *People v Spann*, 82 AD3d 1013, 1015 [2011]).

"[S]ummation is not an unbridled debate in which the restraints imposed at trial are cast aside so that counsel may employ all the rhetorical devices at his [or her] command" (*People v Ashwal*, 39 NY2d 105, 109 [1976]). Rather, "[t]here are certain well-defined limits," including, among others, that the prosecutor "may not refer to matters not in evidence" (*id.* at 109-110; *see People v Singh*, 128 AD3d 860, 863 [2015]).

Here, the prosecutor acted as an unsworn witness when he addressed the impeachment of one of the People's main witnesses, a sister of the complainant (hereinafter the sister). During cross-examination, the sister was impeached by inconsistent testimony she gave in the grand jury proceeding. During summation, the prosecutor argued to the jury that defense counsel had "selected certain portions out of context in the grand jury minutes," and that the jury "didn't get the entire grand jury minutes" (*see People v Whalen*, 59 NY2d 273, 281 [1983]; *People v Singh*, 128 AD3d at 863; *People v Smith*, 288 AD2d 496 [2001]; *People v Brown*, 256 AD2d 414, 416 [1998]). These comments were particularly prejudicial. The sister's testimony, and thus her credibility, were crucial to the People's proof against the defendant, which was less than overwhelming. The prosecutor's comments suggested, without any evidentiary support, that the jury should disregard the sister's grand jury testimony, in which she failed to name the defendant as a participant in the subject assault, because there was more to the testimony than they knew.

In addition, in reference to the father of the complainant and the sister, who was present during the subject assault but was

not called to testify, resulting in a missing witness charge, the prosecutor improperly suggested, and invited the jury to speculate, that the father would have given testimony supportive of his children had he been called to testify (*see People v Singh*, 128 AD3d at 863; *People v Smith*, 288 AD2d at 497).

Particularly in light of the highly prejudicial nature of the comments involving the sister's grand jury testimony, these improper comments deprived the defendant of his right to a fair trial (*see People v Rowley*, 127 AD3d 884, 885 [2015]; *People v Brown*, 26 AD3d 392, 393 [2006]). Accordingly, the judgment must be reversed, and a new trial ordered.

In light of our determination, we need not reach the defendant's remaining contention. Balkin, J.P., Hall, Sgroi and Barros, JJ., concur.