People v Joseph (2018 NY Slip Op 03704)





People v Joseph


2018 NY Slip Op 03704


Decided on May 23, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2014-00575
 (Ind. No. 3354/11)

[*1]The People of the State of New York, respondent,
v
Joel Joseph, appellant.


Seymour W. James, Jr., New York, NY (Svetlana M. Kornfeind of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi, Aurora Alvarez-Calderon, and Danielle O'Boyle of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robert Charles Kohm, J.), rendered January 9, 2014, convicting him of gang assault in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant and his two codefendants were charged with several crimes arising from an incident in a Queens park during which two complainants were slashed. The People moved to dismiss one count of gang assault in the first degree relating to one of the complainants, and the motion was granted. The jury convicted the defendant of one count of gang assault in the first degree relating to the other complainant. The defendant was acquitted of other charges.
The defendant failed to preserve for appellate review his challenges to the legal sufficiency of the evidence (see CPL 470.05[2]). In any event, those challenges are without merit.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633; People v Ramirez, 150 AD3d 898, 899; cf. People v Chavez, 139 AD3d 1082, 1083).
The defendant's remaining contentions are without merit.
ROMAN, J.P., LASALLE, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court