People v Gerardi (2018 NY Slip Op 07325)





People v Gerardi


2018 NY Slip Op 07325


Decided on October 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2016-01060
 (Ind. No. 2972/13)

[*1]The People of the State of New York, respondent,
v
Peter Gerardi, also known as Prince, appellant.


Paul Skip Laisure, New York, NY (Alexis A. Ascher of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Nancy Fitzpatrick Talcott of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Evelyn L. Braun, J.), rendered January 20, 2016, convicting him of compelling prostitution, promoting prostitution in the second degree (3 counts), rape in the second degree (21 counts), criminal sexual act in the second degree (11 counts), promoting prostitution in the third degree (2 counts), and endangering the welfare of a child (2 counts), after a nonjury trial, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the convictions of rape in the second degree under counts 28 through 47 of the indictment and the convictions of criminal sexual act in the second degree under counts 49 through 58 of the indictment, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.
The defendant was charged under counts 28 through 47 of an indictment with committing rape in the second degree (Penal Law § 130.30[1]) by, being 18 years old or more, engaging in sexual intercourse with a person less than 15 years old during successive one-month time periods from April 1, 2011, to August 31, 2011. Counts 49 through 58 of the indictment charged the defendant with committing criminal sexual act in the second degree (Penal Law § 130.45[1]) by, being 18 years old or more, engaging in oral sexual conduct with a person less than 15 years old during successive one-month time periods from April 1, 2011, to August 31, 2011.
The defendant correctly contends that counts 28 through 47 and counts 49 through 58 of the indictment should be dismissed a duplicitous. "Each count of an indictment may charge one offense only" (CPL 200.30[1]). A count in an indictment is void as duplicitous when that "single count charges more than one offense" (People v Alonzo, 16 NY3d 267, 269; see People v Davis, 72 NY2d 32, 38; People v Jean, 117 AD3d 875; People v Black, 65 AD3d 811, 813). Where the crime charged " is completed by a discrete act, and where a count in the indictment is based on the repeated occurrence of that act over a course of time, the count includes more than a single offense and is duplicitous'" (People v Jean, 117 AD3d at 877, quoting People v Black, 65 AD3d at 813). " Even if a count is valid on its face, it is nonetheless duplicitous where the evidence [*2]presented . . . at trial makes plain that multiple criminal acts occurred during the relevant time period, rendering it nearly impossible to determine the particular act upon which the jury reached its verdict'" (People v Jean, 117 AD3d at 877, quoting People v Black, 65 AD3d at 813).
Counts 28 through 47 and counts 49 through 58 of the indictment are valid on their face. However, at trial, the complainant testified that when she was 13 years old, the then 26-year-old defendant had sexual intercourse with her and engaged in oral sex with her at least 20 times per month, i.e., at least 20 times during the one-month period encompassed by each of those counts. Thus, the complainant's testimony demonstrated that each of those counts was premised upon multiple acts of rape and criminal sexual act, and they are, therefore, void for duplicitousness (see People v Singh, 128 AD3d 860; People v Atta, 126 AD3d 713; People v Jean, 117 AD3d 875; People v Foote, 251 AD2d 346; People v Jelinek, 224 AD2d 717, 718). Accordingly, we vacate the convictions of rape in the second degree under counts 28 through 47 of the indictment and criminal sexual act in the second degree under counts 49 through 58 of the indictment, vacate the sentences imposed thereon, and dismiss those counts in the indictment.
The defendant was also charged under count 27 of the indictment with committing rape in the second degree (Penal Law § 130.30[1]) by, being 18 years old or more, engaging in an act of sexual intercourse with a person less than 15 years old between March 11, 2011, and March 31, 2011. Count 48 of the indictment charged the defendant with committing criminal sexual act in the second degree (Penal Law § 130.45[1]) by, being 18 years old or more, engaging in oral sexual conduct with a person less than 15 years old between March 11, 2011, and March 31, 2011.
Where a crime, such as rape or criminal sexual act, "is made out by the commission of one act, that act must be the only offense alleged in the count" (People v Keindl, 68 NY2d 410, 417; see People v Jean, 117 AD3d 875; People v Cosby, 222 AD2d 690). Contrary to the defendant's contention, counts 27 and 48 of the indictment were not duplicitous on their face, since they each charged the defendant with a single act (see People v Alonzo, 16 NY3d at 269; People v Jean, 117 AD3d 875). Further, since the complainant testified at trial that a single act of rape and a single oral sexual act occurred during the period of March 11, 2011, to March 31, 2011, acts which formed the basis of counts 27 and 48 of the indictment, these counts are not duplicitous (see People v Farbman, 231 AD2d 588; People v Cosby, 222 AD2d 690).
The defendant's contention that the evidence was legally insufficient to prove his guilt of compelling prostitution and promoting prostitution in the second degree under counts 24 and 25 of the indictment is without merit. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt on those counts beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt on those counts was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
DILLON, J.P., BALKIN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court