People v Dawson (2019 NY Slip Op 08689)





People v Dawson


2019 NY Slip Op 08689


Decided on December 4, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
JOHN M. LEVENTHAL
LINDA CHRISTOPHER, JJ.


2017-06314
 (Ind. No. 5020/16)

[*1]The People of the State of New York, respondent,
v
Loren Dawson, appellant.


Paul Skip Laisure, New York, NY (Alice R. B. Cullina of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Gamaliel Marrero of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Matthew A. Sciarrino, Jr., J.), rendered May 30, 2017, convicting him of attempted assault in the first degree, assault in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, as a matter of discretion in the interest of justice, and a new trial is ordered.
The defendant was convicted of attempted assault in the first degree, assault in the second degree, and criminal possession of a weapon in the fourth degree in connection with an incident that occurred inside a restaurant in Brooklyn on May 6, 2016. The evidence adduced at trial established that during the incident, the defendant swung a knife at the complainant, causing a number of lacerations, including a 12-centimeter laceration on the complainant's neck.
To the extent that the defendant contends that the People did not present legally sufficient evidence that he intended to cause serious physical injury and that he was not justified in using deadly physical force against the complainant, those arguments are unpreserved for appellate review because the defendant failed to move for a trial order of dismissal on the basis of those specific claims (see CPL 470.05[2]; People v Villanueva, 136 AD3d 1068, 1068). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to disprove the defendant's justification defense and to establish the defendant's guilt beyond a reasonable doubt.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the jury's rejection of the defendant's justification defense and the verdict of guilt were not against the weight of the evidence.
We agree, however, with the defendant's contention that the cumulative effect of the [*2]prosecutor's improper comments during summation deprived the defendant of a fair trial (see People v Crimmins, 36 NY2d 230, 237-238). While this contention is unpreserved for appellate review, we nevertheless reach it in the exercise of our interest of justice jurisdiction (see CPL 470.15[6][a]; People v Casiano, 148 AD3d 1044, 1046; People v Singh, 128 AD3d 860, 862-863).
During summation, a prosecutor is afforded "the widest latitude by way of comment, denunciation or appeal in advocating his [or her] cause" (People v Ashwal, 39 NY2d 105, 109). A prosecutor is permitted to make remarks that are fair comment on the evidence, rhetorical comment, or a fair response to defense counsel's summation (see People v Hatcher, 130 AD3d 648, 649). However, there are certain well-defined limits to the prosecutor's broad leeway (see People v Ashwal, 39 NY2d at 109). The prosecutor must "avoid irrelevant comments which have no bearing on any legitimate issue in the case," and refrain from encouraging the jury to "draw conclusions which are not fairly inferrable from the evidence" (id. at 109-110). Furthermore, a prosecutor should avoid inflammatory, disparaging comments that might prejudice the jury against the defendant, and should refrain from vouching for the credibility of the People's witnesses or bolstering those witnesses' testimony (see id.; People v Casiano, 148 AD3d at 1045; People v McCray, 140 AD3d 794, 798; People v Singh, 128 AD3d at 863). "A prosecutor would be well-advised not to test these limits, both so as to stay within his or her proper truth-seeking role and so as to avoid the waste of time and expense that occurs when a new trial must be conducted solely on the basis of summation misconduct" (People v Singh, 128 AD3d at 863 [citation omitted]).
Here, during summation, the prosecutor repeatedly engaged in improper conduct. For instance, the prosecutor denigrated the defense and disparaged the defendant, referring to his self-defense claim as "ridiculous," "insulting," and "ludicrous," and informing the jury that the defendant would "tell you anything" in an effort to "sell you" a story. The prosecutor described the defendant as a "hothead" and a "punk" who could not "take [a] beating like a man" (see People v McCray, 140 AD3d at 797-798; People v Singh, 128 AD3d at 863-864). Moreover, the prosecutor impinged on the defendant's right to remain silent before arrest by arguing that he could not have acted in self-defense during the altercation because he did not call the 911 emergency number (see People v DeGeorge, 73 NY2d 614, 618; People v Casiano, 148 AD3d at 1046; People v Davis, 147 AD3d 1077, 1079). Further, the prosecutor improperly invoked the jury's sympathy for the complainant (see People v McCray, 140 AD3d at 798), vouched for the complainant's credibility (see People v Casiano, 148 AD3d at 1044-1045), and interjected her own sense of moral retribution with respect to the complainant's entitlement to use physical force against the defendant, while misleading the jury as to the law on justification (see People v Singh, 128 AD3d at 863-864; People v Simmons, 206 AD2d 550, 552; cf. People v Labossiere, 148 AD3d 1183, 1184). The cumulative effect of this prosecutorial misconduct was to deprive the defendant of a fair trial, and a new trial is therefore required (see People v Crimmins, 36 NY2d at 237-238).
Since there must be a new trial, we note that the Supreme Court's jury charge failed to adequately convey that if the jury found the defendant not guilty of the greater charge of attempted murder in the second degree on the basis of justification, it was not to consider any of the assault charges, to which justification was also a defense (see People v Rosario, 169 AD3d 1066, 1068; People v Akbar, 169 AD3d 708, 709; People v Braithwaite, 153 AD3d 929, 929-930; People v Palmer, 34 AD3d 701, 703).
In light of our determination, we need not reach the defendant's remaining contentions.
MASTRO, J.P., CHAMBERS, LEVENTHAL and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court