People v Ramirez (2020 NY Slip Op 01087)





People v Ramirez


2020 NY Slip Op 01087


Decided on February 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
COLLEEN D. DUFFY
BETSY BARROS
PAUL WOOTEN, JJ.


2014-06470
 (Ind. No. 819/12)

[*1]The People of the State of New York, respondent,
v
Malachi Ramirez, appellant.


Janet E. Sabel, New York, NY (David Crow and Patterson Belknap Webb & Tyler LLP [Daniel S. Ruzumna and Nicholas R. Hartmann], of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Sharon Y. Brodt, and Aurora Alvarez-Calderon of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Barry A. Schwartz, J.), rendered June 18, 2014, convicting him of gang assault in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.
As we found on the appeal of the defendant's codefendant, a new trial is required here due to the prosecutor's improper comments during summation (see People v Ramirez, 150 AD3d 898, 899). While the defendant's claims of prosecutorial misconduct during summation are partially unpreserved for appellate review, as we did on the codefendant's appeal, we review the partially unpreserved claims in the exercise of our interest of justice jurisdiction (see CPL 470.15[6][a]; People v Ramirez, 150 AD3d at 899).
"[O]n summation, a prosecutor may not improperly encourage[ ] inferences of guilt based on facts not in evidence'" (People v Gonsalves, 170 AD3d 886, 888, quoting People v Fischer, 18 NY3d 964, 966). As we determined in People v Ramirez (150 AD3d at 899-900), the prosecutor here improperly suggested that the jury should disregard the grand jury testimony of one of the People's main witnesses, and invited the jury to speculate that a missing witness would have given supporting testimony if he had been called to testify. Contrary to the People's contention, the comments that were found prejudicial in the codefendant's case were equally prejudicial here, as the credibility of the People's witness was crucial to the case against this defendant, and the evidence against him was not overwhelming.
"The rule of Molineux is familiar: Evidence of uncharged crimes is inadmissible where its only purpose is to show bad character or propensity towards crime" (People v Arafet, 13 NY3d 460, 464-465). However, "evidence of other crimes may be admitted to show motive, intent, the absence of mistake or accident, a common scheme or plan or the identity of the guilty party" (People v Allweiss, 48 NY2d 40, 47; see People v Morris, 21 NY3d 588, 594; People v Molineux, 168 NY 264). "In addition, evidence of uncharged crimes may be admitted as necessary background [*2]material when relevant to a contested issue in the case, or to complete the narrative of the events if such evidence is inextricably interwoven with the crime charged" (People v Foster, 295 AD2d 110, 112 [citations omitted]; see People v Morris, 21 NY3d at 594; People v Johnson, 137 AD3d 811, 812). "Still, even if technically relevant for one of these or some other legitimate purpose, Molineux evidence will not be admitted if it is actually of slight value when compared to the possible prejudice to the accused'" (People v Arafet, 13 NY3d at 465, quoting People v Allweiss, 48 NY2d at 47).
The fact that the defendant allegedly resisted arrest six months after the incident in question after violating an order of protection against him held by one of the complainants was not relevant in this matter. The defendant was not resisting arrest for the crimes charged at trial, and resisting arrest in this instance was too far removed from the underlying incident to be deemed admissible as evidence of consciousness of guilt (cf. People v Harris, 304 AD2d 839, 839, affd 23 NY3d 89). The probative value of the evidence that the defendant resisted arrest was far outweighed by the potential prejudice of creating an inference that the defendant may have violent tendencies, as indicated by him flailing and thrashing his arms against a police officer.
Accordingly, the judgment must be reversed, and a new trial ordered.
The defendant's remaining contentions are without merit.
SCHEINKMAN, P.J., DUFFY, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court